THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v.
JOHANNES E. SNEDEKER et al., Respondents.

VILLAGES — NOTICE FOR SECOND ELECTION ON QUESTION OF INCOR-
PORATION. The second election to determine whether a village is to be
incorporated, held under the act for the incorporation of villages (L 1870,
ch. 291) after the first election has been declared illegal on appeal, may
be had upon the order of the county judge and a notice signed by the
inspectors of the previous election, without a notice signed by twenty
assessable electors, as is required for the first election.

*People* v. *Snedeker*, 30 App. Div. 1, affirmed.

(Submitted June 23, 1899; decided October 3, 1899.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered June
28, 1898, affirming a judgment in favor of the defendants
entered upon the decision of the court at Special Term.

This action was brought by the attorney-general to enjoin
the defendants from acting as officers of the alleged village of
Pine Hill, and to procure a judgment that the proceedings
for the incorporation of such village were void and the village
never legally incorporated.

The facts, so far as material, are stated in the opinion.

*C. L. Andrus* for appellant. The proceedings for the
incorporation of the proposed village were absolutely void for
want of jurisdiction, the consent for such incorporation not
having been signed by twenty electors residing within the
territory proposed to be incorporated, liable to be assessed
for the ordinary and extraordinary expenditures of the pro-
posed village. (L. 1870, ch. 291, § 7; Suth. on Stat. Const.
§§ 456, 458; *N. Y. C. Co.* v. *Mayor, etc.,* 104 N. Y. 21;
*Sharp* v. *Speir,* 4 Hill, 76; *Paige* v. *Supervisors,* 85 Cal. 50;
*People* v. *Riverside,* 56 Cal. 288; *Smith* v. *Board of Comrs.,*
45 Fed. Rep. 730; *Matter of Borough* v. *Osborne,* 101 Penn.
St. 284; *State* v. *Jenkins,* 25 Mo. App. 484; *People ex rel.*
v. *Lacombe,* 99 N. Y. 49; *L. S. & M. S. R. Co.* v. *Roach,* 80

N. Y. 344; *People* v. *Jaehne*, 103 N. Y. 182; *D. & H. C. Co.* v. *Atkins*, 121 N. Y. 246.) The provisions of the statute for the incorporation of villages, providing that the certificate of election shall be "final and conclusive proof of the incorporation of such village and the regularity thereof in all courts," does not prevent the maintenance of this action. (*People* v. *Snedeker*, 30 App. Div. 1; *People ex rel.* v. *Clark*, 70 N. Y. 518; *People ex rel.* v. *James*, 5 App. Div. 412; *Joslyn* v. *Rockwell*, 128 N. Y. 335; *Ensign* v. *Barse*, 107 N. Y. 329; *Turner* v. *Boyce*, 11 Misc. Rep. 503.) There having been no valid incorporation of the so-called village of Pine Hill, this action may be maintained under sections 1948 *et seq.* of the Code. (*People ex rel.* v. *Clark*, 70 N. Y. 518; *People* v. *Carpenter*, 24 N. Y. 86; *People ex rel.* v. *James*, 5 App. Div. 412; *People ex rel.* v. *Draper*, 15 N. Y. 532; *People* v. *Riverside*, 66 Cal. 288; *State* v. *Doffee*, 59 Mo. 59; *State* v. *Lindholme*, 25 Minn. 215; *King* v. *Cussack*, 2 Rolle, 113; *People* v. *Richardson*, 4 Cow. 113.)

*Brinnier & Newcomb* for respondents. The question of the validity of the order directing a new election is *res adjudicata* and binding upon the parties to this proceeding. (*People* v. *Snedeker*, 30 App. Div. 1; *Fisher* v. *Hepburn*, 48 N. Y. 41; *Kamp* v. *Kamp*, 59 N. Y. 212.) The county judge had power to order such second election. (L. 1870, ch. 291, § 13; L. 1878, ch. 59, § 4; *Gardiner* v. *Christian*, 70 Hun, 547; *Matter of Vil. of Harrisville*, 49 N. Y. S. R. 288.) The election ordered by the county judge and held on May 8, 1895, was called as required by the statute. (L. 1870, ch. 291, § 13; L. 1878, ch. 59, § 4.) The result of said second election having been a majority of thirty-seven in favor of the incorporation of the village of Pine Hill, and the certificate required by law having been duly made by the inspectors of election and filed as required by law on May 9, 1895, the proposed territory of the village of Pine Hill became an incorporated village from and after May 9, 1895. (L. 1870, ch. 291, § 15; L. 1878, ch. 59; L. 1892, ch. 194.)

The vital test, the fundamental requisite of an incorporation of a village by such second election, is that a majority of the votes cast at the election shall have thereon the word " yes." (L. 1870, ch. 291, § 15; L. 1878, ch. 59; L. 1892, ch. 194; *People* v. *Snedeker*, 30 App. Div. 1; *Matter of Vil. of Harrisville*, 49 N. Y. S. R. 288; *Gardner* v. *Christian*, 70 Hun, 547.) The requirement that the notice of election to be given as prescribed by the statute " shall be signed by at least twenty of the electors resident within the bounds of said proposed village, who shall be liable to be assessed for the ordinary and extraordinary expenditures of said village," is a mere direction of the mode of giving notice of the election to be held, whether the proposed territory shall be incorporated as a village. (*Gardner* v. *Christian*, 70 Hun, 547; *People* v. *Cook*, 14 Barb. 290; 8 N. Y. 67.) The intention of an act can be best read from its subject-matter and its own provisions, and where, as in the case at bar, the legislature had, under the Constitution, complete power and full authority in the premises, there can be no jurisdictional defect for a real or presumed error in procedure. (*People ex rel.* v. *Woodruff*, 32 N. Y. 355; *McKuskie* v. *Hendrickson*, 128 N. Y. 555.)

VANN, J. The question presented by this appeal is whether the second election to determine whether a village is to be incorporated, held under the act for the incorporation of villages after the first election has been declared illegal on appeal, may be had upon the order of the county judge and a notice signed by the inspectors of the previous election, without a notice signed by twenty assessable electors. as is required for the first election ?

The object of the first title of the Village Incorporation Act is to provide a simple method of incorporating villages, with an equally simple method of testing the legality of the proceedings and a prompt remedy for any mistake rendering those proceedings invalid. (L. 1870, ch. 291; L. 1871, chs. 688, 870; L. 1873, ch. 92; L. 1891, ch. 116; L. 1892, ch. 194.) The basis of the right to incorporate is the residence of the

number of people required for a village within the proposed territory, and the method of incorporation is through a vote of the electors residing within that territory. (Id. § 1.) The election is held pursuant to a notice, which must be signed by at least twenty electors liable to assessment for village expenses, and published or posted at least thirty days before the election takes place. (§ 7.) If a majority votes in favor of incorporation and no appeal to the county judge is taken within the period allowed for that purpose, or if " an appeal is taken and decided favorably to the legality of the election," the territory becomes an incorporated village from the time when the certificate of the inspectors of election is filed with the county clerk. If an appeal is taken and the election is decided to have been illegal, the county judge is required "to make an order  *  *  *  directing another election to be held to determine the question of the incorporation of such territory," and file the same with the county clerk. (§ 13.) " The election so ordered," as the statute provides, " shall be held on notice of such election, signed by some one or more of the " inspectors at the first election, " published or posted *  *  *  for at least fifteen days before the election." (§ 13.) If the second election results in the same way as the first, the incorporation is complete upon the filing of the certificate of the inspectors to that effect, and such certificate is made " final and conclusive proof of the incorporation of such village and the regularity thereof, in all courts and places, and in all actions and proceedings." (Title 8, § 2.) If the result of either election is against the plan to incorporate, " then such territory shall not be an incorporated village, and in that case no second election can be held under" the " act within two years from the time the first of said elections was held." (Title 1, § 16.)

In 1895 certain persons residing in the town of Shandaken, county of Ulster, desiring to incorporate a village under the provisions of said act, took all the steps necessary to hold a valid election for that purpose, except that the notice required to be signed by twenty electors liable to assessment, was signed

45

by but fourteen electors thus liable, and by ten others who did not have that qualification. At the election there was a majority of thirty-four in favor of incorporation, but upon appeal the election was adjudged invalid for the defect already mentioned, whereupon the county judge ordered that another election be held to determine the question. Notice of the second election was thereupon given and no question is raised in relation to it, except that the paper was signed by the inspectors of the previous election and not by twenty duly qualified electors. The result of the second election was a majority of thirty-seven in favor of incorporation, and after the filing of the certificate required by law, "the village of Pine Hill" was treated as duly incorporated. An election for village officers was held on the 10th of June, 1895, the persons elected, qualified, and carried on the village government, and, among other things, made an assessment for the ordinary expenditures and collected the same by warrant. On the 7th of April, 1896, another village election was held and the defendants were elected president, trustees, treasurer, etc. These officers, when this action was commenced on the 27th of October, 1896, were engaged in administering the government of the village and discharging their respective duties. It was alleged in the complaint that an assessment for the ordinary expenditures of the village had been made for the year 1896, a tax roll delivered to the collector with a warrant signed by the president commanding him to collect the taxes, and that by virtue thereof he had collected some by voluntary payment and some by levy and sale. The object of the action was to secure an adjudication that the territory in question was not incorporated as a village and to restrain the defendants from acting as officers thereof. At the trial, the complaint, which alleged the foregoing facts, among others, was dismissed upon the ground that it failed to set forth any cause of action against the defendants. After affirmance by the Appellate Division, the plaintiff appealed to this court.

The incorporation of a village under the statute in question rests upon two main facts ; *first*, the existence of the requisite

population, and, *second*, the vote by a majority of electors in favor of incorporation. The method of ascertaining these facts, as prescribed by statute, must be substantially complied with in order to invest the inhabitants of the proposed territory with the powers of a village corporation. No question is raised in this case as to the first of these facts, or the method pursued in ascertaining it. As to the second, while it is conceded that the electors have twice voted in favor of incorporation, the last time by a majority exceeding in number the votes in opposition, still it is claimed that no corporation was formed, because the notice for the second election was not signed by twenty assessable electors. We thus reach the question whether the statute requires the notice for the second election to be signed simply by the inspectors or by twenty qualified electors with or without the inspectors?

The theory of the statute, as we understand it, is that no election shall be held without substantial evidence that one is necessary. The legislature evidently intended that the proposition to incorporate should not be submitted to popular vote unless it was vouched for by " some responsible authority." It, therefore, provided that if twenty substantial citizens gave notice of an election, one should be held. If the result was unfavorable to incorporation, the scheme was quieted for two years, but if it was favorable, the election, even if so irregular as to be set aside on appeal, was regarded by the legislature as sufficient evidence of popular desire, not simply to warrant, but to require another election. Accordingly it expressly commanded the county judge, upon rendering his decision that the first election was illegal, to order a second and provided upon what notice it was to be held. It did not say that twenty assessable electors should sign it, but directed that it should be " signed by some one or more of the persons designated as inspectors of election at the previous election." There is no difference in the substance of the two notices, but while the first must be published or posted for thirty days before the election, the second need be published or posted but fifteen days. We think that the legislature, in requiring the county

judge to order a second election, and in providing not only
how the notice thereof should be signed, but also that the
election might be held fifteen days after it was posted,
intended that the procedure specified for the second election
should take the place of that provided for the first. The
careful provision made for effective notice, which is the object
of the statute, leaves no room for adding something else by
implication. If the legislature had intended that twenty elec-
tors should sign the second notice, we see no reason why it
should not have said so, especially in a statute so complete in
details as the one before us.

The contention of the appellant that the procedure is con-
tinuous, and as it was not initiated as required, all subsequent
proceedings were void, is not well founded. The design of
the legislature, after the primary fact of sufficient population
was established by a special census, was to authorize an election
to ascertain the wishes of a majority of the people. The first
movement toward incorporation is unofficial in character, for it
springs from the people acting without the aid of any public offi-
cer. The holding of the first election, however, is an official
act, for it is under the supervision of certain town officers, act-
ing as inspectors, and if the result is favorable to incorpora-
tion thenceforward all proceedings are taken through public
officers. The law then takes charge of the movement and
carries it forward with the sole object of ascertaining in an
orderly way whether a majority of those interested desire to
incorporate. The aid of twenty electors is no longer required
to support the movement, for it rests on a vote of the people.
The legislature had the power to direct a second election for
such reason and on such notice as was satisfactory to it, and a
majority vote, followed by the order of the county judge, was
evidently regarded as a sufficient reason, and a notice signed
by the inspectors as a sufficient notice. It had absolute con-
trol of the subject, and could direct that the second election
should be held upon the same notice as the first, or upon an
entirely different notice. Its power to pass general laws pro-
viding for the incorporation of villages clothed it with absolute

discretion as to whether, how, and upon what notice an elec-
tion should be held. (Const. art. 3, § 18.) The fact that no
appeal is allowed from the second election, and that the cer-
tificate of the inspectors is final and conclusive proof of the
incorporation and of the regularity thereof in all courts and
places and in all actions and proceedings, shows an intention
that the two elections, resulting in the same way, should abso-
lutely end the controversy. (Id. title 1, § 15; title 8, § 2.)
This is a wise provision, for it prevents the confusion and
danger which might result if the question of incorporation
were left open to attack years after the village had been in
existence for all practical purposes.

We think that the village of Pine Hill was duly incorpo-
rated, and that the judgment appealed from should be
affirmed, with costs.

All concur, except PARKER, Ch. J., not sitting.
Judgment affirmed.